IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                                                        OPINION AND ORDER

              Plaintiff,

                                                                                          10-cv-501-bbc
                                                                                          07-cr-61-bbc

     v.

MARCUS D. CANADY,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Marcus D. Canady has filed a motion for post conviction relief under 28 U.S.C. § 2255, alleging that he was denied the effective assistance of counsel. In an affidavit attached to the motion, defendant avers that his trial counsel told him that he had nothing to lose by going to trial because he would receive the same sentence of 120 months whether he pleaded guilty or was found guilty at trial. Defendant says this was bad advice because he would have been sentenced to less than 120 months had he entered a plea of guilty.

      Defendant asks for an evidentiary hearing to expand the record and to determine the facts, but no hearing is necessary. Defendant has not made a showing sufficient to require an evidentiary hearing.

1

BACKGROUND

A grand jury indicted defendant on April 18, 2007, charging him with the unlawful possession of a gun by a felon, in violation of 28 U.S.C. § 922(g)(1). In August 2007, it returned a superseding indictment. Defendant went to trial on the second indictment and was found guilty. The evidence showed that he shot a man in the face and then chased the victim when he ran for help. In the course of the chase, defendant held another man at gunpoint, then abandoned the hunt for the victim, leaving him to fend for himself while defendant took the victim's car and drove off.

At sentencing, I found that defendant's base offense level was 27 because he had used the firearm in connection with the offense of attempted murder, U.S.S.G. § 2X1.1. It was enhanced by another two levels because the victim sustained serious bodily injury, § 2A2.1(b)(1). Defendant was not eligible for a reduction for acceptance of responsibility because he had denied his guilt and gone to trial. His criminal history category was VI, because he had 15 criminal history points, including one conviction for operating a motor vehicle after revocation that was not assessed points in the presentence report. His guidelines range of imprisonment was 151-188 years, but the statutory maximum sentence was 120 months, which is the sentence he received. Had he qualified for a three-level downward adjustment, his guidelines would have been 120-155 months.

Defendant appealed his conviction and sentence. The court of appeals affirmed both

in a decision issued August 24, 2009. Defendant filed this motion on August 27, 2010. The government responded; defendant did not submit a reply.

## OPINION

To succeed on an assertion of constitutional ineffectiveness of trial counsel, a defendant must prove that her attorney's performance fell below an objective standard of reasonableness *and* that she suffered prejudice as a result. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). Defendant's only allegation is that his trial counsel gave him erroneous advice about going to trial. It is well established that a motion for post conviction relief cannot proceed on mere allegations. To obtain relief, the defendant must submit an affidavit containing detailed and specific averments that demonstrate he has actual proof to support his allegations. E.g., Galbraith v. United States, 313 F.3d 1001 (7th Cir. 2002); Prewitt v. United States, 83 F.3d 812, 819 (7th Cir. 1996).

Defendant has not said where he talked to counsel or exactly what counsel said, other than that defendant had nothing to lose in going to trial. He does not identify any reasons counsel gave for advising defendant to go to trial. It seems wholly improbable that an experienced criminal defense lawyer like the one who represented defendant would encourage defendant to go to trial, in light of the evidence against him and with the knowledge that defendant would lose three points for acceptance of responsibility. It is much more probable

that trial counsel explained to defendant that his sentence was capped at 120 months, so that he could not get a higher sentence no matter what his guidelines were. Defendant may well have misunderstood what he was being told.

It is not necessary to speculate about what defendant was told. Even if he was given erroneous advice about going to trial, he still has to prove that he was prejudiced and he cannot. When he was sentenced, his guideline range of imprisonment was 151-188 months. Had he pleaded guilty so as to be eligible for a three-level reduction for acceptance of responsibility, his range would have been 120-150 months. Any sentence lower than the bottom of the guidelines would still have exceeded the statutory maximum sentence for his offense. Nothing about defendant's crime or his criminal history category of VI would have supported a sentence below the guideline range, that is, lower than the statutory maximum of 120 months. Defendant was not the typical offender charged for possession of a gun by a felon; he shot his victim in the face, chased him, left him bleeding and injured and drove off in the victim's car.

In summary, defendant has not supported his claim of ineffective assistance of counsel with allegations specific enough to require any further consideration of his motion for post conviction relief and the motion would be denied in any event because he cannot show that he was prejudiced by any actions or omissions of counsel.

Defendant is not entitled to a certificate of appealability on this issue because such

4

a certificate can issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). Defendant has challenged the ineffectiveness of counsel but nothing in his motion supports a finding that he received constitutionally inadequate representation. His allegations are conclusory and he has shown no prejudice resulting from the representation. He has not raised an issue on which reasonable jurists would disagree or one that should receive encouragement to proceed.

ORDER

IT IS ORDERED that defendant Marcus D. Canady's motion for post conviction relief is DENIED.

Entered this 22d day of November, 2010.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge